# United States District Court
## for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Kenneth H. Smith</u>　　　Case Number: <u>1:10-00012</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>October 7, 2011</u>

Original Offense: <u>18 U.S.C. § 242 Deprivation of Civil Rights Under Color of Law (3 counts) and 18 U.S.C. § 1001(a)(2) Making False Statement</u>

Original Sentence: <u>24 months' custody and 2 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　　Date Supervision Commenced: <u>August 2, 2013</u>

Assistant U.S. Attorney: <u>Harold B. McDonough, Jr.</u>　Defense Attorney: <u>Dale M. Quillen</u>

---

### PETITIONING THE COURT

　　<u>X</u>　To issue a Summons.
　　____　To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　(cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this <u>15</u> day of <u>Feb</u>, 2014,
and made a part of the records in the above case.

_____
Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Donna Jackson
Intensive Supervision Specialist

Place　<u>Nashville, TN</u>

Date　<u>February 13, 2014</u>

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.  **The Defendant shall participate in sex offender assessment and treatment, including but not limited to polygraph examinations recommended by the treatment provider and as directed by the U.S. Probation Office. The Defendant shall contribute to the cost as determined by the U.S. Probation Office.**

    Mr. Smith voluntarily withdrew from the sex offender treatment program on February 4, 2014. Dr. Moore's treatment summary is attached for Your Honor's review. The details of this violation are listed in the Compliance with Supervision Conditions and Prior Interventions section of this petition.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Smith began his term of supervised release on August 2, 2013. Mr. Smith resides with his parents in Nunnelly, Tennessee, and is employed by Cumberland Survey, Centerville, Tennessee.

Mr. Smith met with this probation officer on August 7, 2013, and signed a program plan to initiate sex offender treatment and polygraphs examinations. On August 27, 2013, Dr. Moore, the sex offender treatment provider, scheduled Mr. Smith for a psychosexual evaluation, to be conducted on September 3, 2013. Following the assessment, it was recommended that Mr. Smith participate in sex offender specific treatment. Initially, Mr. Smith was active in group treatment and participated well. During a meeting with Dr. Moore on December 3, 2013, the probation officer was told that Mr. Smith stated he thought the group was "boring." He had stopped actively participating and "tuned out" during sessions. Mr. Smith submitted a sexual history homework assignment on December 3, 2013. Dr. Moore advised the assignment was poorly completed. He was instructed to redo the assignment for next for the next individual session. On January 28, 2014, Mr. Smith attended another individual counseling session and did not have his assignment from December 3, 2013, completed. He was excused early from this session for being unprepared. Mr. Smith had been instructed to obtain a treatment notebook, which he never obtained. During the session on January 28, 2014, Mr. Smith was asked what he had learned in treatment and he stated "nothing." Dr. Moore and the probation officer met with Mr. Smith on February 4, 2014, to address his participation issues. During the meeting, Mr. Smith admitted he was not putting forth 100% effort. He advised he was giving maybe 50% effort. He stated he was waiting to see if treatment was going to work for him. Mr. Smith reported he does not think he has a sexual deviance problem. Mr. Smith said he thought treatment was a recommendation for his case, but he did not recommend it for himself and did not think he needed treatment. Mr. Smith was asked if he wanted to continue with treatment, to which he stated "no." The probation officer explained to Mr. Smith that sex offender treatment is a special condition of his supervision and failure to participate would place him in noncompliance with the ordered condition. Mr. Smith continued to assert he did not want to participate in treatment.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for Kenneth Smith, so that he may appear before the Court to answer to the violation behavior outlined above.

Assistant U.S. Attorney Harold B. McDonough, Jr., concurs with the probation officer's recommendation for a summons.


Approved: _____
     Britton Shelton
     Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. KENNETH H. SMITH, CASE NO. 1:10-00012

GRADE OF VIOLATION:          C
CRIMINAL HISTORY:            I

ORIGINAL OFFENSE DATE:       POST APRIL 30, 2003       PROTECT ACT PROVISIONS

|   | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class D Felony)<br>18 U.S.C. § 3583(e)(3) | 3 - 9 months<br>U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | Not more than 3 years less any term of imprisonment<br>18 U.S.C. 3583(h) | 1 - 3 years<br>U.S.S.G. § 5D1.2(a)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is more than one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term, U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Donna Jackson
Intensive Supervision Specialist

Approved: Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Kenneth H Smith

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 1:10CR00012 - 1

3. **District/Office** Middle District of Tennessee / Nahsville

4. **Original Sentence Date** 10 / 7 / 2011
                                      month  day  year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall participate in sex offender assessment and treatment | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — C

9. **Criminal History Category** *(see §7B1.4(a))* — I

10. **Range of Imprisonment** *(see §7B1.4(a))* — 3 - 9 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Kenneth H Smith

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____     Community Confinement _____

   Fine($)        _____     Home Detention         _____

   Other          _____     Intermittent Confinement _____

13. **Supervised Release**
   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from _____
   imprisonment:

14. **Departure**
   List aggravating and mitigating factors that may warrant a
   sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

February 6, 2014      psychology services

Officer Donna Jackson
United States Probation Officer
Middle District of Tennessee
110 9th Avenue South
U.S. Courthouse STE. A-725
Nashville, Tennessee  37203-3899
    RE:    Kenneth Smith

## TREATMENT SUMMARY
### (Confidential)

Kenneth Smith is a 46 year old divorced Caucasian male who was evaluated by this psychologist at Centerstone Community Mental Health Center on September 3, 2013. He was referred subsequent to plea agreement conviction to Deprivation of Civil Rights Under Color of Law (three counts). His offense behavior involved misrepresenting his position in law enforcement, inappropriately photographing female domestic violence victims, and making false statements to federal investigators about the allegations. He was sentenced to two years of custody followed by two years of supervised release. Testing indicated he had a paranoid predisposition and feels mistreated and picked on harboring grudges, and feeling angry and resentful. He tends to blame others for his problems and exhibit hostility and he engages in an argumentative manner. His therapeutic prognosis based on his personality characteristics was poor. Risk assessment suggested his risk was moderate low for sexual reoffense. Mr. Smith was recommended for treatment. The reader is encouraged to read the report completed by this psychologist when contracted for employment at Centerstone for full details.

Mr. Smith did not contact this psychologist as directed to get into treatment. He was scheduled to see this psychologist at Moore Psychology Services on October 1, 2013 when he signed his treatment contract. He voiced his concerns about some of the rules (polygraph examination) and was given paperwork for group and put on the schedule to accommodate his travel (a later appointment time usually reserved for clients with more program experience).

Mr. Smith began group treatment on October 8 and on the first night came unprepared without pen or paper. He was welcomed with group rules including being prepared and having a treatment notebook. In addition to weekly group therapy he was scheduled for monthly individual sessions and came to his first individual session on November 5. At that time, he remarked he was "bored" in group and "tuned out." He said there was "nothing new to learn, heard it all before" and said he did not think he needed to be in treatment as he "made a mistake and would not do it again." He said the woman chose him to photograph her dismissed the other allegations. He was given polygraph information and told to schedule his exam by the end of February 2014. He was educated about his psychological testing from his evaluation stating he had paranoid traits, harbored grudges, and was argumentative, findings of which he argued. He was assigned his sexual history due at the next individual appointment.

7003 Chadwick Drive
Suite 355
Brentwood, TN 37027
615-595-6412

SMITH, Kenneth                                                                    2
Treatment Summary

Mr. Smith came December 3 with cash which is not accepted as payment and was accommodated to take the time to obtain the appropriate payment. When he returned, he offered his sexual history assignment which was a poorly completed paragraph in quality and quantity. He was told to redo it for the following month.

Mr. Smith did not bring check in sheets as required for group on December 31. He denied he knew he was supposed to bring one for the missed group due to the holidays despite another member who joined group after him doing so. Mr. Smith came to the office January 7 stating he was sick with virus and was excused from group and individual that day and his individual sessions was rescheduled for the end of the month. When he came to his session on January 28, he came without his sexual history assignment and was excused early per policy of not being prepared. He was reminded about the program rule of having a treatment notebook in which to keep assignments. When asked what he was learning in group, he said "nothing" as he "did not have anything in common with the men in group" as they had child victims. At group that evening, he was prompted to discuss his individual session and he told the group he was irresponsible and unprepared. Group challenged his lack of interest in group and encouraged him to participate. He was reminded to get a treatment notebook.

On February 5, 2014 Mr. Smith met with psychologist and Officer Jackson to encourage his success given his difficulties. This behavior exhibited by him is common among program participants and seen as a passive aggressive display of resistance. Often a meeting elicits refocus and program compliance and success. He told Officer Jackson he "forgot my paper" referring to his assignment. He said he did not feel he needed to be in treatment and said he understood it was a recommendation for his case. He said he sought legal counsel who advised him and he added that he did not recommend it for his self as he did not think he needed treatment. He said he did not need to be in group as he made a mistake and had no sexual deviance. He admitted poor effort and estimated he was "giving about 50%" which he said is typically what he has done throughout his life which has "turned out fine." Despite Officer Jackson reminding him of the directive for him to attend treatment rather than a self imposed recommendation, he elected to withdraw stating he did not need group and it was not a good fit for him. At the time of his withdrawal, he had attended 15 group sessions and 4 individual sessions.

Mr. Smith remains at risk for sexual reoffense. He has done nothing to understand or begin to accept responsibility for the behaviors leading up to his offenses in order for him to learn to manage his risk relevant behavior. His case is closed. As he was not expelled, he is eligible to return to treatment, if he is willing to address his issues. Thank you for your assistance in this case. If you need anything else from me, please do not hesitate to contact me at 615-595-6412 or electronically at drdonnamoore@bellsouth.net.

Respectfully Submitted,

Donna L. Moore, Ph.D.
Licensed Psychologist, H.S.P.

This is a confidential document.